UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KYLE REYES,

      Plaintiff,

v.                                  CASE NO.:

SMARTPAY LEASING, LLC,

      Defendant.

_____/

## COMPLAINT

1.     "Robocalls" are the #1 consumer complaint in America today.

2.     In 2016, there were almost 4,000,000 complaints reported to the Federal Communications Commission (FCC) and the Federal Trade Commission (FTC) concerning robocalls—3,857,627 to be exact.[1]  In 2015 and 2014, the robocall complaints reached 2,636,477 and 1,949,603, respectively.[2]  It is important to recognize these merely reflect the number of individuals that complained to these agencies; the number of people that have been victimized by robocalling abuse could be close to 100,000,000 in the last 3 years.

---

[1] *National Do Not Call Registry Data Book FY 2016, October 1, 2015 – September 30, 2016*, FEDERAL TRADE COMMISSION (Dec. 2016), https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year-2016/dnc_data_book_fy_2016_post.pdf; *Consumer Complaints Data – Unwanted Calls, FCC – Open Data*, FEDERAL COMMUNICATIONS COMMISSION, https://opendata.fcc.gov/Consumer-and-Government-Affairs/Consumer-Complaints-Data-Unwanted-Calls/vakf-fz8e.

[2] *National Do Not Call Registry Data Book FY 2015*, FEDERAL TRADE COMMISSION (Nov. 2015), https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year-2015/dncdatabookfy2015.pdf; *Consumer Complaints Data – Unwanted Calls, FCC – Open Data*, FEDERAL COMMUNICATIONS COMMISSION, https://opendata.fcc.gov/Consumer-and-Government-Affairs/Consumer-Complaints-Data-Unwanted-Calls/vakf-fz8e; *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, FEDERAL COMMUNICATIONS COMMISSION, https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf; *National Do Not Call Registry Data Book FY 2014*, FEDERAL TRADE COMMISSION (Nov. 2014), https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year-2014/dncdatabookfy2014.pdf.

3.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization.  They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991).  Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).  Despite the penalties put in place over 26 years ago, robocall abuse continues to skyrocket.

4.      Plaintiff, Kyle Reyes, alleges Defendant, SmartPay Leasing, LLC, robocalled him more than 450 times in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA").

5.      Robocalls are very inexpensive to make.  As was noted in a Senate hearing on the subject: "With such a cheap and scalable business model, bad actors can blast literally tens of millions of illegal robocalls over the course of a single day at less than 1 cent per minute." *Stopping Fraudulent Robocall Scams: Can More Be Done?:  Hearing Before the Subcomm. on Consumer Prot., Prod. Safety, and Ins. of the S. Comm. on Commerce, Sci., and Transp.*, 113 Cong. 113-117 (2013) (statement of Lois Greisman, Assoc. Director, Division of Marketing Practices, Bureau of Consumer Protection, Federal Trade Commission).

6.      The TCPA was enacted to prevent companies like SmartPay Leasing, LLC from invading American citizens' privacy and prevent illegal robocalls.

7.      Congress enacted the TCPA to prevent real harm.  Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of

protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; *see also Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

8.      According to findings by the FCC—the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## JURISDICTION AND VENUE

9.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

10.      The alleged violations described in the Complaint while Plaintiff was in Bradenton, FL.

## FACTUAL ALLEGATIONS

11.      Plaintiff is a natural person, and citizen of the State of FL, residing in Bradenton, FL.

12.      Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

13.      Plaintiff is an "alleged debtor."

14.      Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014); *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

15.      Defendant is a limited liability company with its principal place of business in San Francisco, California and conducts business in the State of Florida.

16.     Defendant is a "debt collector" as defined by Florida Statute § 559.55(7).

17.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute § 559.55(6).

18.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (941) 580-8060.

19.     Plaintiff was the "called party" during each phone call subject to this lawsuit.

20.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

21.     The alleged debt belonged to Plaintiff, arising out of a debt with Defendant on a for a cellular phone that was primarily used for Mr. Reyes's personal, family, or household purposes.

22.     On or about June 1, 2014, Plaintiff received a telephone call to his aforementioned cellular telephone number from Defendant seeking to recover a debt from the Plaintiff.

23.     Immediately upon receipt of the calls, after June 2014, Plaintiff answered a call from Defendant and explained that he felt harassed by all of the calls, and demanded that Defendant stop calling his aforementioned cellular telephone number.

24.     In or about June 2014, during the aforementioned phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any express consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an ATDS or a pre-recorded or artificial voice.

25.     Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

26.     Defendant made at least one call to (941) 580-8060.

27.     Defendant made at least one call to (941) 580-8060 using an "automatic telephone dialing system" (ATDS).

28.     Defendant made at least ten (10) calls to (941) 580-8060.

29.     Defendant made at least ten (10) calls to (941) 580-8060 using an ATDS.

30.     Defendant made at least one hundred (100) calls to (941) 580-8060.

31.     Defendant made at least one hundred (100) calls to (941) 580-8060 using an ATDS.

32.     Defendant made at least two hundred (200) calls to (941) 580-8060.

33.     Defendant made at least two hundred (200) calls to (941) 580-8060 using an ATDS.

34.     Defendant made at least three hundred (300) calls to (941) 580-8060.

35.     Defendant made at least three hundred (300) calls to (941) 580-8060 using an ATDS.

36.     Defendant made at least four hundred (400) calls to (941) 580-8060.

37.     Defendant made at least four hundred (400) calls to (941) 580-8060 using an ATDS.

38.     Defendant made at least four hundred fifty (450) calls to (941) 580-8060.

39.     Defendant made at least four hundred fifty (450) calls to (941) 580-8060 using an ATDS.

40.     Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

41.     Each call the Defendant made to the Plaintiff was made using an ATDS, which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

42.     Furthermore, many of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

43.     Defendant has stipulated in another lawsuit that the telephone system used to call the Plaintiff was in fact an ATDS.

44.     Plaintiff repeatedly requested the Defendant to stop calling her or his cell phone, however, the Defendant continued to make calls

45.     Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

46.     Defendant has recorded at least one conversation with the Plaintiff

47.     Defendant has recorded numerous conversations with the Plaintiff.

48.     Defendant has made approximately four hundred and fifty (450) calls to Plaintiff's aforementioned cellular telephone number from in or about 2014 until today, which will be established exactly once Defendant turns over their dialer records.

49.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abusive robocalls.

50.     Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

51.     By effectuating these unlawful phone calls, Defendants have caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

52.     Defendant's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in her or his cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

53.     Defendant's phone calls harmed Plaintiff by wasting her or his time.

54.     Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re: Rules Implementing the TCPA of 1991, 23 FCC Rcd 559, 562 (2007). Defendant's phone calls harmed Plaintiff by depleting the battery life on her or his cellular telephone, and by using minutes allocated to Plaintiff by her or his cellular telephone service provider.

55.     Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have mistakenly believed it had.

56.     Defendant's, corporate policy and procedures provided no means for the Plaintiff to have her or his aforementioned cellular number removed from the call list.

57.     Defendant has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

58.     Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

59.     In the last 3 years, the Defendant has had 323 complaints reported to the Better Business Bureau (BBB), of which 75 of those complaints are classified as being related to "Billing/Collection Issues." (Per www.bbb.org in October 2017)

60.     Plaintiff expressly revoked any consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice immediately upon Defendant's placement of the calls.

61.     Defendant never had the Plaintiff's express consent for placement of telephone calls to her or his aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice.

62.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

63.     Defendant violated the TCPA with respect to the Plaintiff.

64.     Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

**COUNT I**
**(Violation of the TCPA)**

65.     Plaintiff incorporates Paragraphs one (1) through sixty-four (64).

66.     Defendant willfully violated the TCPA with respect to the Plaintiff each time they called the Plaintiff after she or he revoked her or his consent to being called by them using an ATDS or pre-recorded voice.

67.     Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff revoked her or his consent to being called by them using an ATDS or pre-recorded voice.

68.     Defendant repeatedly placed non-emergency telephone calls to the wireless telephone number of Plaintiff using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

69.     As a result of Defendant's illegal conduct, Plaintiff suffered actual damages and, under § 227(b)(3)(B), is entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

70.     Plaintiff is also entitled to, and does, seek injunctive relief prohibiting Defendant from violating the TCPA in the future.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

**COUNT II**
**(Violation of the FCCPA)**

71.     Plaintiff incorporates Paragraphs one (1) through sixty-four (64). At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

72.     Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

73.     Defendant has violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

74.     Defendant has violated Florida Statute § 559.72(9) by attempting to enforce a debt when Defendant knows that the debt is not legitimate or assert the existence of some legal right when Defendant knows that right does not exist.

75.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder of future illegal conduct, and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FDCPA)

76.     Plaintiff incorporates Paragraphs one (1) through sixty-four (64).

77.     At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. § 1692 et seq.

78.     Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

79.      Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

80.     Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Heather H. Jones*
Heather H. Jones, Esq.
Florida Bar No. 0118974
William "Billy" Peerce Howard, Esq.
Florida Bar No. 0103330
THE CONSUMER PROTECTION FIRM, PLLC
210-A South MacDill Avenue
Tampa, FL 33609
Telephone: (813) 500-1500, ext. 205
Facsimile: (813) 435-2369
Heather@TheConsumerProtectionFirm.com
Billy@TheConsumerProtectionFirm.com
*Attorney for Plaintiff*